UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PEDRO MCDONALD | : | DOCKET NO. 6:14-0880<br>Section P |
| VS. | : | JUDGE HAIK |
| ERIC J. HOLDER, ET AL. | : | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed on April 25, 2014 by *pro se* petitioner, Pedro McDonald, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

In his petition, McDonald, an alleged citizen of Guatemala, challenges his continued detention in post-removal-order custody. The petition alleges that petitioner was ordered removed on January 25, 2013 and that his order of removal has become final. The petition further alleges that petitioner has remained in the custody of ICE since that date, and that despite his cooperation, the ICE has been unable to remove him. Thus, petitioner claims that he had been detained beyond both the 90 day removal period and the jurisprudential presumptively reasonable six month removal period in violation of the principles established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner requests that this court order his release from custody.

On June 4, 2014, the undersigned issued an Order denying a Motion that had been filed by petitioner. [rec. doc. 7]. Petitioner never received this Court's Order as the envelope containing the Order was returned unopened by the United States Postal Service on June 16, 2014 and marked, "Return to Sender" "Attempted - Not Known" "Unable to Forward". [rec. doc. 8].

At the time that this petition was filed, petitioner was detained at the South Louisiana Correctional Center in Basile, Louisiana pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, awaiting removal from the United States. Petitioner has never updated his address since the petition was filed, and this Court has received no communication from petitioner since June 2, 2014.[1]

The instant petition is subject to dismissal pursuant to Rule 41.3W of the Uniform Local Rules of Court. Rule 41.3 W provides, in pertinent part,

> 41.3W Dismissal for Failure to Prosecute.
>
> A civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution as follows:
> . . .
> The failure of an attorney or *pro se* litigant to promptly notify the court in writing of an address change . . . when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

---

[1] It is likely that petitioner has either been removed or released from custody on an Order of Supervision.

Upon review of the record in this case, the Court finds that petitioner has failed to keep the Court apprised of his correct address and no correction has been made to the address for a period in excess of 30 days. Accordingly, pursuant to Rule 41.3W of the Uniform Local Rules of Court, this petition is subject to dismissal without prejudice unless plaintiff files, within fourteen (14) days of the date of mailing of this Report and Recommendation, evidence of good cause for his failure to keep the court apprised of his current address.

For these reasons,

IT IS RECOMMENDED that, in the event no response is received from petitioner within fourteen days of the mailing of this Report and Recommendation, that this petition be DISMISSED WITHOUT PREJUDICE pursuant to LR 43.1W, subject to reinstatement within thirty days for good cause shown.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT**

UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, July 15, 2014.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RTH
On:  6/17/2014
By:  MBD

4